IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 07-0158-WS-C** |
| | ) | |
| **LAPHONSE YOUNG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss. (Doc. 26). The government filed a response, (Doc. 30), and the defendant elected not to reply.

The motion asserts that the evidence he believes the government will rely on at trial will be inadequate to prove that he constructively possessed the guns and ammunition he is charged with possessing, and he requests an evidentiary hearing to establish the point.

> By looking beyond the face of the indictment and ruling on the merits of the charges against [the defendant], the district court in effect granted summary judgment in favor of the defendant. [However,] [t]here is no summary judgment procedure in criminal cases.  Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. ...  A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.

*United States v. Salman*, 378 F.3d 1266, 1267-68 (11th Cir. 2004) (internal quotes omitted).  In short, "it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance." *Id*. at 1269.  On the authority of *Salman*, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 27th day of August, 2007.

                                         s/ WILLIAM H. STEELE
                                         UNITED STATES DISTRICT JUDGE